IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

CONNIE SMITH                                                                                      PLAINTIFF

vs.                                             Civil No. 4:15-cv-04079

CAROLYN COLVIN                                                                              DEFENDANT
Commissioner, Social Security Administration

**MEMORANDUM OPINION**

Connie Smith ("Plaintiff") brings this action pursuant to § 205(g) of Title II of the Social Security Act ("The Act"), 42 U.S.C. § 405(g) (2006), seeking judicial review of a final decision of the Commissioner of the Social Security Administration ("SSA") denying her application for Disability Insurance Benefits ("DIB") under Title II of the Act.  The parties have consented to the jurisdiction of a magistrate judge to conduct any and all proceedings in this case, including conducting the trial, ordering the entry of a final judgment, and conducting all post-judgment proceedings.  ECF No. 5.[1]  Pursuant to this authority, the Court issues this memorandum opinion and orders the entry of a final judgment in this matter.

**1. Background:**

Plaintiff's application for DIB was filed on April 18, 2013.  (Tr. 40, 173-176).  Plaintiff alleged she was disabled due to bad knees and depression. (Tr. 196).  Plaintiff alleged an onset date of March 27, 2013.  (Tr. 40).  This application was denied initially and again upon reconsideration. (Tr. 40, 141-143, 148-149).  Thereafter, Plaintiff requested an administrative hearing on her

---

[1] The docket numbers for this case are referenced by the designation "ECF. No.___"  The transcript pages for this case are referenced by the designation "Tr."

application and this hearing request was granted. (Tr. 151).

Plaintiff 's administrative hearing was held on July 29, 2014. (Tr. 80-113). Plaintiff was present and was represented by counsel, Greg Giles, at this hearing. *Id.* Plaintiff and Vocational Expert ("VE") Susan Johnson testified at this hearing. *Id.* At the time of this hearing, Plaintiff was fifty-one (51) years old and had a high school education. (Tr. 83).

On August 27, 2014, the ALJ entered an unfavorable decision denying Plaintiff's application for DIB. (Tr. 40-75). In this decision, the ALJ determined Plaintiff met the insured status requirements of the Act through December 31, 2018. (Tr. 42, Finding 1). The ALJ determined Plaintiff had not engaged in Substantial Gainful Activity ("SGA") since her alleged onset date of March 27, 2013. (Tr. 43, Finding 2).

The ALJ also determined Plaintiff had the severe impairments of morbid obesity, residuals status post Lap-Band surgery, residuals status post left knee replacement surgery, degenerative joint disease of the right knee, anxiety disorder, and a major depressive disorder. (Tr. 44, Finding 3). The ALJ then determined Plaintiff's impairments did not meet or medically equal the requirements of any of the Listing of Impairments in Appendix 1 to Subpart P of Regulations No. 4 ("Listings"). (Tr. 57, Finding 4).

In this decision, the ALJ evaluated Plaintiff's subjective complaints and determined her RFC. (Tr. 60-70). First, the ALJ indicated he evaluated Plaintiff's subjective complaints and found her claimed limitations were not entirely credible. *Id.* Second, the ALJ determined Plaintiff retained an RFC for a restricted range of sedentary work. (Tr. 60-61, Finding 5).

The ALJ evaluated Plaintiff's Past Relevant Work ("PRW"). (Tr. 70, Finding 6). The ALJ found Plaintiff was unable to perform her PRW. *Id.* The ALJ however determined there was other

work existing in significant numbers in the national economy Plaintiff could perform. (Tr. 72, Finding 10). The VE testified at the administrative hearing regarding this issue. (Tr. 44-46). Based upon that testimony, the ALJ determined Plaintiff retained the ability to perform other work such as information clerk with 18,000 such jobs in Arkansas and 966,000 such jobs in the nation and sorter with 1,900 such jobs in Arkansas and 48,000 such jobs in the nation. (Tr. 74). Given this, the ALJ determined Plaintiff had not been under a disability as defined in the Act from March 27, 2013 through the date of the decision. (Tr. 74, Finding 11).

Thereafter, Plaintiff requested the Appeals Council review the ALJ's decision. (Tr. 36). *See* 20 C.F.R. § 404.968. The Appeals Council declined to review this unfavorable decision. (Tr. 1-13). On August 31, 2015, Plaintiff filed the present appeal. ECF No. 1. The Parties consented to the jurisdiction of this Court on September 1, 2015. ECF No. 5. Both Parties have filed appeal briefs. ECF Nos. 10, 13. This case is now ready for decision.

**2. Applicable Law:**

In reviewing this case, this Court is required to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *See* 42 U.S.C. § 405(g) (2006); *Ramirez v. Barnhart,* 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance of the evidence, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. *See Johnson v. Apfel,* 240 F.3d 1145, 1147 (8th Cir. 2001). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome or because the Court would have decided the case differently. *See Haley v. Massanari,* 258 F.3d 742, 747 (8th Cir. 2001). If, after reviewing the record, it is possible

to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *See Young v. Apfel,* 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well established that a claimant for Social Security disability benefits has the burden of proving his or her disability by establishing a physical or mental disability that lasted at least one year and that prevents him or her from engaging in any substantial gainful activity. *See Cox v. Apfel*, 160 F.3d 1203, 1206 (8th Cir. 1998); 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act defines a "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§ 423(d)(3), 1382(3)(c). A plaintiff must show that his or her disability, not simply his or her impairment, has lasted for at least twelve consecutive months. *See* 42 U.S.C. § 423(d)(1)(A).

To determine whether the adult claimant suffers from a disability, the Commissioner uses the familiar five-step sequential evaluation. He determines: (1) whether the claimant is presently engaged in a "substantial gainful activity"; (2) whether the claimant has a severe impairment that significantly limits the claimant's physical or mental ability to perform basic work activities; (3) whether the claimant has an impairment that meets or equals a presumptively disabling impairment listed in the regulations (if so, the claimant is disabled without regard to age, education, and work experience); (4) whether the claimant has the Residual Functional Capacity (RFC) to perform his or her past relevant work; and (5) if the claimant cannot perform the past work, the burden shifts to the Commissioner to prove that there are other jobs in the national economy that the claimant can perform. *See Cox,* 160 F.3d at 1206; 20 C.F.R. §§ 404.1520(a)-(f). The fact finder only considers

the plaintiff's age, education, and work experience in light of his or her RFC if the final stage of this analysis is reached. *See* 20 C.F.R. §§ 404.1520, 416.920 (2003).

### 3. Discussion:

Plaintiff brings the present appeal claiming the ALJ erred: (1) by failing to find Plaintiff met a Listing and (2) by failing to properly consider Plaintiff's mental impairments in assessing her RFC. ECF No. 10, Pgs. 3-18. In response, the Defendant argues the ALJ did not err in any of her findings. ECF No. 13.

#### A. Listings

The ALJ must determine whether Plaintiff has a severe impairment that significantly limits the physical or mental ability to perform basic work activities. A medically determinable impairment or combination of impairments is severe if it significantly limits an individual's physical or mental ability to do basic work activities. *See* 20 C.F.R. §§ 404.1521 and 416.921.

The ALJ found Plaintiff did suffer from impairments considered to be severe within the meaning of the Social Security regulations. These impairments included morbid obesity, residuals status post Lap-Band surgery, residuals status post left knee replacement surgery, degenerative joint disease of the right knee, anxiety disorder, and a major depressive disorder (Tr. 44, Finding 3). However, there was no substantial evidence in the record showing Plaintiff's condition was severe enough to meet or equal that of a listed impairment as set forth in the Listing of Impairments. *See* 20 C.F.R. pt. 404, subpt. P, app.1. Plaintiff has the burden of establishing that her impairment(s) meet or equal an impairment set out in the Listing of Impairments. *See Sullivan v. Zebley*, 493 U.S. 521, 530-31 (1990). Plaintiff has not met this burden.

Plaintiff argues she meets a Listing under Section 1.02 because ineffective ambulation due

to the need for a right knee replacement. ECF No. 10, Pgs. 3-13. Defendant argues Plaintiff has failed to establish she meets this Listing. ECF No. 13.

To meet Listing 1.02, Plaintiff must have a major dysfunction of a joint with clinical evidence of joint space narrowing, bony destruction, or ankylosis, with either:

A. Involvement of one major peripheral weight-bearing joint (i.e., hip, knee or ankle), resulting in inability to ambulate effectively, or

B. Involvement of one major peripheral joint in each upper extremity (i.e.,shoulder, elbow, or wrist-hand), resulting in inability to perform fine and gross movements effectively.

An "inability to ambulate effectively" is an extreme limitation of the ability to walk, i.e., an impairment that interferes very seriously with the individual's ability to independently initiate, sustain, or complete activities. Ineffective ambulation is having insufficient lower extremity functioning to permit independent ambulation without the use of a hand-held assistive device(s) that limits the functioning of both upper extremities. *See* 20 C.F.R. pt. 404, subpt. P, app. 1, § 1.00B2b(1). To ambulate effectively, individuals must be capable of sustaining a reasonable walking pace over a sufficient distance to be able to carry out activities of daily living, and they must be able to travel without companion assistance to and from a place of employment or school. *See* 20 C.F.R. pt. 404, subpt. P, app. 1, § 1.00B2b(2). Examples of ineffective ambulation include, but are not limited to, the inability to walk without the use of a walker, two crutches or two canes, the inability to walk a block at a reasonable pace on rough or uneven surfaces, the inability to use standard public transportation, the inability to carry out routine ambulatory activities, such as shopping and banking, and the inability to climb a few steps at a reasonable pace with the use of a single hand rail. *Id*.

Plaintiff does not have a joint dysfunction that resulted in an inability to ambulate effectively. A diagnosis of a disorder alone is insufficient proof that Plaintiff met a listing. *See* 20 CFR §

404.1525(d); *Harris v. Barnhart*, 356 F.3d 926, 929 (8th Cir. 2004)*; Collins ex. rel. Williams v. Barnhart*, 335 F.3d 726, 730 (8th Cir. 2003). Plaintiff has failed to establish she is unable to ambulate effectively. Plaintiff offered no evidence she has to use a walker, two crutches, or two canes to walk, or that a physician prescribed these items.

The medical record evidence supports the ALJ decision. In March 2012, Dr. Lawson Kile, treated Plaintiff for complaints of bilateral knee pain. (Tr. 317). Dr. Kile reported Plaintiff walked with a limp, but she was status-post total left knee replacement, and another physician told her the right knee was a candidate for replacement surgery. (Tr. 318).

Following Plaintiff's Lap-Band surgery in September 2012, Plaintiff was informed of the importance of general exercise for her recovery. Dr. Ron Hekier advised Plaintiff on the importance of exercising at least three times per week. (Tr. 283). Dr. Hekier continued to inform Plaintiff about the importance of routine exercise on follow up visits. (Tr. 289, 292, 395).

From October 3, 2013 through November 20, 2013, Plaintiff attended physical therapy sessions at the Little River Memorial Hospital. (Tr. 443-472). A physical therapist stated Plaintiff had a limp on her right side; she ambulated independently; and did not use any assistive devices. (Tr. 459). A report from November 11, 2013, indicated Plaintiff's muscle strength in her right knee was "4+/5:" the range of motion was within normal limits; and she walked over 1,000 feet independently, without assistive devices. (Tr. 463-464).

In July 2014, Dr. Greg Smolarz indicated Plaintiff was using anti-inflammatory medication for her knee pain, and it appeared effective in controlling her knee pain. (Tr. 572). Dr. Smolarz further recommended Plaintiff participate in an exercise program for strengthening of her knee. *Id.*

As a result of the above, Plaintiff has failed to establish she meets Listing 1.02.

**B. RFC**

Prior to Step Four of the sequential analysis in a disability determination, the ALJ is required to determine a claimant's RFC. *See* 20 C.F.R. § 404.1520(a)(4)(iv). This RFC determination must be based on medical evidence that addresses the claimant's ability to function in the workplace. *See Stormo v. Barnhart,* 377 F.3d 801, 807 (8th Cir. 2004). The ALJ should consider "'all the evidence in the record' in determining the RFC, including 'the medical records, observations of treating physicians and others, and an individual's own description of his limitations.'" *Stormo v. Barnhart,* 377 F.3d 801, 807 (8th Cir. 2004) (quoting *Krogmeier v. Barnhart,* 294 F.3d 1019 (8th Cir. 2002)). The Plaintiff has the burden of producing documents and evidence to support his or her claimed RFC. *See Cox*, 160 F.3d at 1206; 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A).

The ALJ, however, bears the primary responsibility for making the RFC determination and for ensuring there is "some medical evidence" regarding the claimant's "ability to function in the workplace" that supports the RFC determination. *Lauer v. Apfel,* 245 F.3d 700, 703-04 (8th Cir. 2001). Furthermore, this Court is required to affirm the ALJ's RFC determination if that determination is supported by substantial evidence on the record as a whole. *See McKinney v. Apfel,* 228 F.3d 860, 862 (8th Cir. 2000).

In this matter, the ALJ determined Plaintiff retained the RFC for a restricted range of sedentary work. (Tr. 60-61, Finding 5). Plaintiff argues the ALJ erred in this RFC determination by failing to give appropriate weight to the opinions of Dr. Betty Feir. ECF No. 10, Pgs. 13-18. However, substantial evidence supports the ALJ's RFC determination.

In reviewing Plaintiff's medical evidence of record, Plaintiff was seen for counseling and mental health treatment from April 2013 through August 2013 with Dr. Betty Feir. (Tr. 369-378, 405-432). Notes from April 4, 2013, show Plaintiff was being seen because she had embezzled

money from her employer, and they fired her the Monday before when an auditor discovered the theft. (Tr. 377). This was approximately one week following her alleged date of disability. Additionally, Plaintiff reported her husband was seeing another woman. *Id.*

When seen on May 16, 2013, Plaintiff's attitude and mood improved, and she indicated she had a "wonderful day yesterday" with a family outing. (Tr. 371). On May 23, 2013, Plaintiff showed a "positive attitude and improved mood," was "doing well," and, "has some thoughts about doing some floral work or even baking and cake decorating." (Tr. 420). On June 20, 2013, Plaintiff reported she and her mother had taken a trip to Nashville, Tennessee, to visit the Grand Ole Opry and took a riverboat ride. (Tr. 416). On July 3, 2013, Plaintiff reported attending her grandson's ball game, and she had a positive attitude and improved mood. (Tr. 415). The medical record shows Plaintiff attended her last counseling session on August 29, 2013. (Tr. 406). Plaintiff described her day as busy with making fig and peach preserves, which the doctor described as evidence of a positive attitude and improved mood. *Id.*

On July 22, 2014, a year after her last counseling session, Dr. Feir performed a psychological evaluation of Plaintiff. (Tr. 539-548). Based on Plaintiff's claims, Dr. Feir stated Plaintiff did not appear to be able to work a forty-hour workweek without interference from psychologically based symptoms. (Tr. 541). Dr. Feir also completed a form for assessing Plaintiff's mental residual functional capacity. (Tr. 542-543). Dr. Feir found Plaintiff was markedly limited in her ability to understand and remember detailed instructions; perform activities within a schedule; sustain an ordinary routine; work with others; and accept instructions from supervisors. *Id.*

Plaintiff argument the ALJ did not consider Dr. Feir's opinions is without merit. The ALJ discussed Dr. Feir's records in detail. (Tr. 47-51, 53-54, 64-65, 68-69). The ALJ noted significant contradictions between Dr. Feir's objective treatment notes, which showed a progression of

improvement in Plaintiff's life, and the doctor's mental evaluation, which heavily relied on Plaintiff's subjective complaints. (Tr. 64). The ALJ properly determined Dr. Feir's assessment was entitled to little evidentiary weight. (Tr. 69).

Further, ALJ considered Plaintiff's ex-employer fired her for embezzlement, and not due to a mental impairment. (Tr. 64). Also, Plaintiff filed for disability benefits due to her considerable financial problems, "hoping to get disability to repay the amount she owed." *Id.*

As shown by the above medical evidence, substantial evidence supports the ALJ's RFC determination. Plaintiff has the burden of establishing her claimed RFC. *See Goff v. Barnhart,* 421 F.3d 785, 790 (8th Cir. 2005) (quoting *Eichelberger v. Barnhart,* 390 F.3d 584, 590 (8th Cir. 2004)). Because Plaintiff has not met her burden in this case and because the ALJ's RFC determination is supported by sufficient medical evidence, this Court finds the ALJ's RFC determination should be affirmed.

**4. Conclusion:**

Based on the foregoing, the undersigned finds that the decision of the ALJ, is supported by substantial evidence and should be affirmed. A judgment incorporating these findings will be entered pursuant to Federal Rules of Civil Procedure 52 and 58.

**ENTERED** this **18th day of July 2016.**

/s/   Barry A. Bryant
HON. BARRY A. BRYANT
U. S. MAGISTRATE JUDGE